**George KONTONOTAS, Plaintiff–Appellant,**

v.

**GENERAL NUTRITION PRODUCTS, INC. n/k/a Nutricia Manufacturing, USA, Inc., Defendant–Appellee.**

No. 03–9304.

United States Court of Appeals, Second Circuit.

Sept. 16, 2004.

Ronald M. Terenzi, Berkman, Henock, Peterson & Peddy, Garden City, NY, for Appellant.

Sandra Slack Glover, Wiggins & Dana, New Haven, CT, (Aaron S. Bayer, Wiggins and Dana, Hartford, CT), for Appellee.

PRESENT: JACOBS, POOLER, and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

George Kontonotas appeals a judgment entered on November 6, 2003, in the United States District Court for the Eastern District of New York (Block, J.). We assume that the parties are familiar with the facts, the procedural context, and the specification of the three appellate issues.

The district court's findings that Kontonotas had actual knowledge of the Doctor's account and actual or constructive knowledge of the Becton and Ciba accounts may only be set aside if they are clearly erroneous. Fed.R.Civ.P. 52(a); *Anderson v. City of Bessemer,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed") (internal quotation and citation omitted). It is conceded that Kontonotas had knowledge of the Doctor's account. It was therefore no error to conclude that his silence defeated his claim for commissions for the Doctor's account transactions, either on the basis of waiver or one of the forms of estoppel. The inference closely follows that if the defendant had been presented years earlier with the claim pressed by Kontonotas at trial, it would have had the incentive and the power to alter the terms of engagement or terminate the relationship altogether. *See*

*Nassau Trust Co. v. Montrose Concrete Products Corp.*, 56 N.Y.2d 175, 451 N.Y.S.2d 663, 667–68, 436 N.E.2d 1265 (1982) (discussing interplay between waiver and estoppel theories). The district court could deduce from that course of conduct that Kontonotas's silence as to the Doctor's account similarly precluded GNP the opportunity to deal with the whole question of how the Willis accounts were to be treated. The district court's rulings as to the Willis accounts are thus affirmed.

Kontonotas's remaining claims are similarly without merit. The district court's factual finding that the barter transactions were not third party sales is amply supported by the record. *See Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir.1999) (district court's treatment of contractual ambiguity is upheld unless clearly erroneous). The district court's conclusion that the raw-materials transactions on the third-party sales report were outside the scope of the agreement is also not clearly erroneous, nor did the court abuse its discretion by admitting evidence as to damages for its post-trial consideration. *See Manley v. Ambase Corp.*, 337 F.3d 237, 247 (2d Cir.2003) (district court's rulings on presentation of evidence are reviewed for abuse of discretion).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.